IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS



FILED
U.S. DISTRICT COURT

05 JUL 26 AM 9: 16

RALPH L. DELOACH
BY_____ DEPUTY

| | |
|---|---|
| Willie Brown,<br>　　　Plaintiff,<br><br>v.<br><br>Scott Fisher,<br>J. J. Weber,<br><br>　　　and<br><br>County of Miami,<br><br>Defendants. | Case No. 05-CV-2268-KHV |

## MOTION & BRIEF FOR SUMMARY JUDGMENT

A motion for summary judgment may be made at any time when there are no uncontroverted, undisputed facts in a case, and may be made by either party. Plaintiff Willie Brown therefore prays the Court to grant this motion for summary judgment in light most favorable to the plaintiff based upon the pleadings and undisputed facts. This motion is made per Fed. R. Civ. P. 56(a) and (c).

## STATUS OF THE ACTION

The time for responsive pleadings has closed. All defendants have been served. Only counsel for Scott Fisher has bothered to answer. Because there are no federal defendants, time to answer is limited to 20 days from date of service. Service was made on June 27th and July 1st, 2005, and returns of service are part of the record. Calculation of time reveals the interval to answer is long gone, and some defendants have chosen not to answer or to ask for more time.

## UNDISPUTED FACTS

There are no answers, motions, or counterpleadings from defendants Miami County and Joshua J. Weber. Therefore, any averments which apply specifically to them are admitted for failure to deny. These have a weight to be construed in contrast to the admissions and denials forwarded by the sole remaining defensive counsel to this case, J. Steven Pigg, representing sheriff's deputy Scott Fisher.

As defendant Scott Fisher's Answer has been timely filed by his representative, J. Steven Pigg, there are no remaining facts in dispute.

We review the Answers, listing the facts in the order as used in the
complaint:

1.      Plaintiff's first statement of facts puts Scott Fisher on the road with
Willie Brown on a highway north of Osawatomie, Kansas, at night.   There
are other details in the statement.  Fisher's counsel, Pigg, admits all the
details in his Answer ¶4, which states in its entireity, "¶1 is admitted."


2.      Plaintiff's statement of facts #2 is partially denied per F. R.C. P. 8(d)
by defensive counsel Pigg, and counsel stipulates to facts which are
admitted.  The 2 material facts averred by plaintiff are that there was a dried-
up container to be used as evidence and that there was a search of plaintiff's
vehicle, which produced a driver's license.  The stipulations by defensive
counsel Pigg are that Fisher returned to the vehicle and found an open Busch
beer can.  That's why it was dried up.  Both sides agree the top of the
container was open.  Defense also stipulates Fisher returned to the vehicle
and observed the can, which is a search, and stipulates subsequently Brown
produced a driver's license.  Both sides agree on the material fact there was a
search and a license produced.  There is no dispute here about the necessary,
fundamental, material facts.

3.      Scott Fisher wrote a ticket for open container and failure to produce a
driver's license.  An exhibit of the ticket is attached to the complaint.
Defensive counsel Admits all of plaintiff's ¶3 in his Answer ¶6.


4.      Plaintiff states Trooper Weber arrived during the arrest, searched and
found the open container.  Defensive counsel stipulates Weber brought the
beer can to Fisher.  Although the other details of this averment are denied by
counsel Pigg, the material fact of Weber's participation is not.  It must be
noticed that Pigg does not represent Weber, and as this averment is primarily
concerning Weber.  A blanket denial by foreign counsel is of no effect.
Rather, the silent default of Weber is an admission to all of the material
facts.


5.      Plaintiff Brown states he had a problem at booking.  Counsel Pigg
does not deny this averment, thereby admitting it.  Rather, defense admits it
was Fisher who had a problem being booked.  Once admitted, defense can't
take it back.  You cannot unring a bell.


6.      Plaintiff states he had a tough time in jail and was released relatively
quickly.  Defensive counsel Pigg denies the averments for lack of

knowledge, as he does not represent the clients of interest.  The other defendants admit the statements.

7.      Plaintiff stipulates he appeared in court as directed.  Defensive counsel denies the averment for lack of knowledge, although he does not represent the parties of interest in the averment.  However, the other defendants do admit all the facts in this statement of fact by default.

And that covers all the facts material to this case.  Where the facts are pertinent to his client, counsel Pigg has admitted them all.  All facts pertaining to other parties are admitted by default.  There remain no undisputed material facts.

## UNDISPUTED CLAIMS

There are no undisputed claims made by defendants Joshua J. Weber or Miami County, as they have failed to timely answer or otherwise defend.

## DISPUTED CLAIMS

There then remains only a couple of resistances related to claims as made by counsel Pigg.  Plaintiff's claims statements #8, 9, & 10 have the

common thread of probable cause.  Plaintiff claims a traffic infraction does

not justify an arrest, and that probable cause cannot be retroactively applied

to the results of a subsequent search.  Federal courts have consistently ruled

this is so, but counsel Pigg resists the plaintiff's claim.

The district court can rule upon the law in this case as there are no

remaining material facts, per F. R. C. P. 56(c), setting defensive counsel

straight with regard to the probable cause necessary to justify an arrest.

Then his counterclaims will disappear.


Defensive counsel Pigg also contests plaintiff's claim #11 that J. J.

Weber had no probable cause, but again, he does not represent Weber, and

Weber has defaulted, thereby admitting the claim placed against that party of

interest.


Plaintiff has asserted no more claims, but the Answer does.  Counsel

Pigg adds an affirmative defense in his Answer statement #15, that there is

no claim to this court upon which it can grant relief.  Yes there is, by his

own admission in his Answer statement #3, which is that this court has

subject matter jurisdiction over CLAIMS (emphasis added) made under 42

U. S. C. §1983.  Section 1983 inherently contains the claim that says

anybody who violates your rights is liable FOR DAMAGES (emphasis added).  So damages are part of the relief afforded by this court.  There's the claim, and there's the relief, and there's the admission by adverse counsel that this is so.

Defensive counsel asserts another false counterclaim in his Answer statement #16, that defendant Fisher is entitled to *qualified immunity*.  As a matter of law, qualified immunity is a temporary, conditional thing.  It only exists when one is operating under court orders, and furthermore, it must be PROVED by the moving party.  Pigg offers no proof for his client, but rather demolishes his counterclaim by his admission in his Answer statement #4, which is that it admits plaintiff's factual statement #1 in its entireity.  And what does statement #1 say?  It says Fisher was out alone with Brown on a road north of Osawatomie, Kansas.  No court presence.

Lastly, Pigg's counterclaim that the complaint is without merit and he should get attorney's fees by 42 U. S. C. §1988 is itself without merit because no disputes about claims or facts persist to his favor.

7

## PRAYERS

WHEREFORE, plaintiff Willie Brown prays the court for a summary judgment completely in his favor, with damages as prayed in the complaint. However, an interlocutory judgment in favor of the plaintiff is acceptable in the alternative, as the court may determine. The interlocutory judgment, as made in F. R. C. P. 56(c), may be rendered upon the issue of liability alone, although as it says there may be a genuine issue as to the amount of damages. If the alternative liability is imputed, the court should schedule a trial for the amount of damages alone.

In short, there are only two matters remaining for this court to decide. One is the law pertaining to probable cause, to wit, that a traffic infraction is not sufficient to justify an arrest ever. And the second is, how big should the damages be?

Dated this 27th day of July 2005.

*Willie Brown*

Willie Brown, *pro se*
806 South Kansas Avenue
Lane, Kansas 66042
(913) 963-2269 (cell)

## Certificate of Service

The undersigned hereby certifies the Motion for Summary Judgment was delivered by courier to defendants J. J. Weber and Miami County and the counsel for defendant Fisher was served by mail, U. S. Postal Service, first class, postage prepaid, as well as filed with the clerk of court this day.  The addresses of the defensive counsels are listed as follows:

Steven Pigg #09213
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S. W. 5th Street
P.O. Box 949
Topeka, KS 66601-0949
(785) 232-7761
(785) 232-6604 (fax)

Dated this 27 day of July 2005.