IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIE BROWN, ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 05-2268 |
| SCOTT FISHER, J. J. WEBER AND ) | |
| MIAMI COUNTY, ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants arrested him without probable cause and detained him for nine hours in violation of his rights under the Fourth, Fifth, Sixth, Eighth and Fourteen Amendments. This matter comes before the Court on plaintiff's Motion And Brief For Summary Judgment (Doc. #7) filed July 26, 2005. For reasons set forth below, the Court finds that plaintiff's motion should be overruled.

**Summary Judgment Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). The nonmoving party may not rest on its pleadings but must set forth specific facts. Id. at 1241.

The Court must view the record in a light most favorable to the parties opposing the motion for summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51.

The Court affords a pro se plaintiff some leniency and must liberally construe the complaint. See Oltremari v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1333 (D. Kan. 1994). While pro se complaints are held to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as other litigants. See Hughes v. Rowe, 449 U.S. 5 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The Court may not assume the role of advocate for a pro se litigant. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his motion for summary judgment, plaintiff has failed to comply with D. Kan. Rule 56.1 regarding his statement of material facts. D. Kan. Rule 56.1 requires as follows:

> The memorandum or brief in support of a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon movant relies.
> * * *
> All facts on which a motion ... is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions.

Plaintiff's statement of facts contains seven numbered paragraphs.  Plaintiff set out facts "used in the complaint" and asserts that the facts are uncontroverted by relying upon defendant Fisher's answer.  Fisher's answer supports plaintiff's fact paragraph 1, which states that Fisher stopped plaintiff on a highway in Miami County, and paragraph 3, which states that Fisher wrote plaintiff a ticket for open container and failure to produce a driver's license.  Plaintiff's five other numbered paragraphs (2 and 4-7) are dis-jointed and contain multiple facts.  Further, as support for the facts in those paragraphs, plaintiff states that although Fisher denies those facts, the other defendants have not answered.  As defendants point out, however, plaintiff has never served Miami County.  Further, defendant Weber filed his answer with leave of Court *after* plaintiff filed his motion for summary judgment.  In any event, even if the facts set out in plaintiff's memorandum were uncontroverted, plaintiff has not shown that he is entitled to summary judgment on any of his claims.

**IT IS THEREFORE ORDERED** that plaintiff's Motion And Brief For Summary Judgment (Doc. #7) filed July 26, 2005 be and hereby is **OVERRULED**.

Dated this 8th day of December, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge