**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WILLIE BROWN,**              )<br>                    **Plaintiff,**       )<br>                                          )<br>**v.**                                   )<br>                                          )<br>**SCOTT FISHER, J. J. WEBER and** )<br>**MIAMI COUNTY,**            )<br>                                          )<br>                    **Defendants.**    )<br>_____) | **CIVIL ACTION**<br><br>**No. 05-2268-KHV** |

## ORDER

Willie Brown, *pro se,* brings this civil rights action under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights. Complaint (Doc. #1) filed June 27, 2005. Specifically, plaintiff alleges that Scott Fisher and J.J. Weber arrested him without probable cause and detained him for nine hours in violation of his rights under the Fourth, Fifth, Sixth, Eighth and Fourteen Amendments. On February 27, 2006, this Court granted summary judgment in favor of Fisher and Weber. See Memorandum And Order (Doc. #40). The Court also ordered plaintiff to show cause in writing why it should not dismiss his claims against Miami County. This matter is before the Court on plaintiff's Response To Show Cause Order (Doc. #41) filed March 9, 2006.

In his response, plaintiff contends that Miami County is in default because it has not filed an answer in this case. As the Court noted in a previous order, however, plaintiff has never served a summons or complaint upon Miami County. Therefore, under Rule 4(m), Fed. R. Civ. P., the Court

1

may dismiss without prejudice plaintiff's claims against Miami County.[1] Fed. R. Civ. P. 4(m) (court "may dismiss the case if service of the summons and complaint is not made upon a defendant within 120 days after filing of complaint").

**IT IS THEREFORE ORDERED that plaintiff's claims against Miami County** are **dismissed without prejudice**.

Dated this 9th day of May, 2006 at Kansas City, Kansas.

>                                         s/ Kathryn H. Vratil
>                                         Kathryn H. Vratil
>                                         United States District Judge

---

[1] Alternatively, plaintiff asserts that he has a viable claim against Miami County because undersheriff Mark Schmidt had a duty to investigate whether the officers acted with probable cause. The Court has already concluded, however, that Fisher and Weber had probable cause to arrest plaintiff and search his car. Plaintiff still has not alleged any county policy or any action by Schmidt or any other County policymaker which violated his constitutional rights. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986) (no respondeat superior liability under Section 1983; county liability arises from acts which county has officially sanctioned, or from act of ultimate county decision-maker).

2